USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
10-28-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
AMIR ROSENTHAL,                     :
                                    :
               Petitioner,          :   09 Civ. 5194 (VM)
                                    :
      - against -                   :
                                    :   **DECISION AND ORDER**
J.M. KILLIAN, Warden FCI Otisville, :
                                    :
               Respondent.          :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Pro se petitioner Amir Rosenthal ("Rosenthal"), a federal inmate currently housed by the Federal Bureau of Prisons ("BOP") at a Residential Reentry Center ("RRC")[1] in the Bronx, New York, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241"). Rosenthal asserts that the BOP's application of 18 U.S.C. §§ 3621(b) and 3624(c) in determining his eligibility for placement in a RRC was improper. Rosenthal brings this action against J.M. Killian ("Respondent"), the Warden of the Federal Correctional Institution in Otisville, New York, where Rosenthal was incarcerated prior to his transfer to the RRC. Respondent submits that the petition should be denied on several grounds, including Rosenthal's failure to exhaust administrative remedies.

---

[1] RRCs were previously referred to by the BOP as community corrections centers ("CCC") and are also commonly referred to as halfway houses.

For the reasons set forth below, Rosenthal's petition is DENIED for failure to exhaust administrative remedies.

## I. BACKGROUND[2]

Rosenthal was convicted in the United States District Court for the Eastern District of New York of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371. He was sentenced on July 20, 2007 to a 33-month term of incarceration and a 36-month term of supervised release.

On April 9, 2008, Congress passed the Second Chance Act (the "SCA"), which amended 18 U.S.C. § 3624(c), and extended the maximum length of a pre-release placement in a RRC from six to twelve months. Pub. L. No. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008). The BOP issued a memorandum on April 14, 2008 (the "April 14 Memorandum") instructing its staff on how to implement the SCA in the period before new regulations were issued.

On October 16, 2008, sixteen months before Rosenthal's expected release date, BOP staff at FCI Otisville conducted

---

[2] The factual summary that follows derives from the following documents: Petition for Writ of Habeas Corpus ("Petition"), dated May 15, 2009; Memorandum in Support of Petition for Writ of Habeas Corpus ("Memorandum in Support of Petition"), dated June 16, 2009; Memorandum of Law in Response to Petition for Writ of Habeas Corpus, dated September 25, 2009; and Declaration of Elisa Mason ("Mason Decl."), dated September 25, 2009. Except where specifically referenced, no further citation to these sources will be made.

Rosenthal's RRC placement review and recommended that he be placed in a RRC between four and five months prior to his projected release date.[3] On May 2, 2009, Rosenthal submitted an Inmate Request to Staff, requesting that BOP reconsider and extend the length of his RRC placement. Rosenthal's case manager reconsidered his placement and determined that four to five months was appropriate. Rosenthal then filed the instant Petition on June 3, 2009.

On September 10, 2009, Rosenthal was transferred to the RRC in the Bronx, New York, where his custody will expire on February 9, 2010.

## II.  DISCUSSION

Rosenthal contends that the BOP's determination of the length of his pre-release placement in a RRC, by treating six months as an effective maximum, violated the SCA and the Administrative Procedure Act. Respondent argues that Rosenthal's Petition should be denied because he has failed to exhaust administrative remedies. For the reasons set forth

---

[3] Rosenthal contends that he did not learn of his RRC placement until April 23, 2009. (See Petition at 3; Memorandum in Support of Petition at 20.) However, Respondent has submitted a Program Review Report, signed by Rosenthal and dated October 16, 2008, which indicates that Rosenthal had been recommended for a RRC placement of four to five months. (See Mason Decl., Ex. 8.)

below, the Court agrees with Respondent and Rosenthal's Petition is denied.

The Second Circuit has established that a prerequisite to federal habeas corpus relief pursuant to § 2241 is the exhaustion of administrative remedies. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). The exhaustion requirement "protect[s] the authority of administrative agencies, limit[s] interference in agency affairs, develop[s] the factual record to make judicial review more efficient, and resolv[es] issues to render judicial review unnecessary." Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003). Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the Court that the failure to exhaust should be excused. See Carmona, 243 F.3d at 634.

Federal inmates who seek to challenge the conditions of their confinement must first utilize the Administrative Remedy Program ("Program") developed by the BOP. See 28 C.F.R. §§ 542.10—.19. Inmates must exhaust each of four steps in the Program: first, by attempting to resolve the issue informally, see id. § 542.13; second, by submitting a formal written Administrative Remedy Request ("Request") to the institution

at which the inmate is housed, see id. § 542.14; third, by appealing an unfavorable decision at the institutional level to the Regional Director of the BOP, see id. § 542.15; and fourth, by appealing an unfavorable decision at the regional level to the BOP's General Counsel. See id.

Here, Respondent asserts that Rosenthal's only attempt to avail himself of administrative remedies was his May 2, 2009 request for re-evaluation of his RRC placement decision. (See Mason Decl. at 4.) Respondent has supplied the Court with the Declaration of a BOP Staff Attorney, which includes relevant portions of Rosenthal's administrative record. (See Mason Decl., Ex. 9.) The Court has reviewed the administrative record and finds that there is no evidence that Rosenthal sought further administrative relief.

Rosenthal's Petition does not assert that he exhausted his administrative remedies, nor has he proffered any excuse for his failure to do so. However, given Rosenthal's pro se status, the Court will construe his submission liberally to determine whether the circumstances excuse his failure to exhaust administrative remedies. Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) ("It is routine for courts to construe [pro se] petitions without regard to labeling in

determining what, if any, relief the particular petitioner is entitled to."). A court can excuse a failure to exhaust administrative remedies "when such exhaustion would be futile or where the agency has predetermined the issue before it." Garcia v. Shanahan, 615 F. Supp. 2d 175, 180 (S.D.N.Y. May 1, 2009) (internal quotation omitted). Although Rosenthal does not explicitly offer an excuse for failing to exhaust administrative remedies, he has, in effect, alleged futility by asserting that BOP policy categorically predetermines the issues he is raising. Rosenthal points to two memoranda addressed to BOP officials relating to inmate requests for transfers to RRCs: the April 14 Memorandum and another BOP memorandum, dated November 14, 2008 (collectively, the "BOP Memoranda"). (See Petition at 6-15.) Rosenthal contends that the BOP Memoranda demonstrate that the BOP has ignored the SCA and is treating six months before release as the effective maximum for transfer to RRCs. (See Memorandum in Support of Petition at 10-18.)

Contrary to Rosenthal's arguments, the Court finds that the BOP Memoranda do not preclude the relief he seeks. In fact, consistent with the SCA, the BOP Memoranda instruct BOP officials that inmates are eligible to be transferred to a RRC

at any time and that the maximum length of a pre-release placement in a RRC is the twelve months prescribed by the SCA. The April 14 Memorandum provides that "[t]he pre-release RRC placement timeframe is <u>increased</u> to a maximum allowable 12 months" and "[t]here is <u>no</u> percentage of term to be served limitation." (Mason Decl., Ex. 2 at 2 (emphasis in original).) While the April 14 Memorandum also provides that BOP "experience reflects inmates pre-release RRC needs can usually be accommodated by a placement of six months or less," (<u>id.</u>, Ex. 2 at 4), nothing in the April 14 Memorandum restricts pre-release RRC placements to a maximum of six months. Similarly, the November 14 Memorandum instructs BOP officials that "[i]nmates are legally eligible to be placed in [a] RRC at any time during their prison sentence," and that BOP staff cannot "automatically deny an inmate's request for transfer to a RRC." (<u>Id.</u>, Ex. 6 at 1.) Indeed, Rosenthal does not identify any official BOP policy that contradicts the BOP Memoranda or categorically precludes the relief Rosenthal seeks. The Court is thus persuaded that Rosenthal's utilization of administrative remedies would not have been futile. Moreover, even if it is likely that Rosenthal's administrative appeals would have been denied, such a showing

-7-

would not prove futility. See Collins v. Zickefoose, No. 3:08 Civ. 747, 2008 WL 4980361, at *3 (D. Conn. Nov. 20, 2008) ("No doubt denial is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Lightning may strike; and even if it doesn't, in denying relief the [BOP] may give a statement of its reasons that is helpful to the district court in considering the merits of the claim." (quoting Greene v. Meese, 875 F.2d 639, 641 (7th Cir. 1989) (emphasis in original)).

Further, the Court is persuaded that Rosenthal had ample time to utilize available administrative remedies. Rosenthal learned of his RRC placement in October 2008 and did not seek any administrative review until May 2009. In response to an inmate's request for review, 28 C.F.R. § 542.18 requires each level of administrative review to be completed in no more than forty days. Rosenthal thus had more than enough time to exhaust his administrative remedies and his own delay does not excuse his failure to do so. See, e.g., Perro v. Laird, No. 07 Civ. 1123, 2007 WL 1074929, at *2 (E.D.N.Y. Apr. 4, 2007) (rejecting "time constraint" as excuse for failing to exhaust administrative remedies).

### III.  ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the petition of Amir Rosenthal ("Rosenthal") for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

As Rosenthal has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**

Dated:     New York, New York
           27 October 2009

                                          Victor Marrerro
                                          U.S.D.J.